IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIC CORBIN, | : | Civil No. 3:20-cv-526 |
| Petitioner | : | (Judge Mariani) |
| v. | : | |
| WARDEN DOUGLAS K. WHITE, | : | |
| Respondent | : | |

## MEMORANDUM

I. Background

On March 27, 2020, Petitioner Eric Corbin ("Corbin"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the execution of his sentence. (Doc. 1). In the petition, Corbin argued that his sentence for possession of a firearm was incorrectly calculated. (*Id.*). Corbin argued that he was due additional credit towards his sentence, and he believed the correct release date to be May 4, 2020. (*Id.*). At the time his petition was filed, Corbin was housed at the Federal Correctional Institution, Allenwood Low, in White Deer, Pennsylvania.

On April 30, 2020, Respondent filed a suggestion of mootness and response to the habeas petition stating that Corbin was released from federal custody on April 27, 2020. (Doc. 5). Respondent argues that the habeas petition is therefore moot. (*Id.*). In an effort to ascertain the custodial status of Corbin, the Court accessed the Federal Bureau of Prisons Online Inmate Locator, which revealed that Corbin is no longer in the custody of

that agency.[1]  For the reasons set forth below, the Court will dismiss the habeas petition as moot.

## II.    Discussion

Article III of the Constitution dictates that a federal court may adjudicate "only actual, ongoing cases or controversies." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990); *Burkey v. Marberry*, 556 F.3d 142, 147 (3d Cir. 2009).  "[A] petition for habeas corpus relief generally becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition." *DeFoy v. McCullough*, 393 F.3d 439, 441 (3d Cir. 2005).

In the present case, Corbin challenged the execution of his sentence claiming that he was entitled to additional time credit.  (*See* Doc. 1).  On April 23, 2020, the United States District Court for the District of New Jersey, the sentencing court, issued an order granting Corbin's request for a sentence modification.  (Doc. 5-1, Order).  In the order, the court reduced Corbin's sentence under the First Step Act and ordered his immediate release from BOP custody.  (*Id.*).  Because Corbin has been released from BOP custody, the petition no longer presents an existing case or controversy.  Further, Corbin has received the relief he sought, namely, to be released from BOP custody.  Therefore, the Court will dismiss the habeas petition as moot.  *See Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698-99 (3d

---

[1] Upon entering Corbin's inmate number, 28076-050, into the BOP Online Inmate Locator System, https://www.bop.gov/inmateloc/, the results indicated that he was released from BOP custody on April 27, 2020.

Cir. 1996) ("If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot.").

    A separate Order shall issue.

                                                      _s/ Robert D. Mariani_
                                                      Robert D. Mariani
                                                      United States District Judge

Dated: May 4, 2020